On Application for Rehearing.
By Division B, composed of Justices O’NIELL, LAND, and BAKER.
PER CURIAM.
[13] The two grandchildren of the deceased ask for a rehearing on the claim against Otto Berger for rent of the house on Napoleon avenue. They direct our attention to the fact that the sheriff was ordered to seize the property under a writ of judicial sequestration. Our opinion is that that fact does not make Otto Berger liable for the rent of the whole house. He only occupied half of it, and the two grandchildren of the deceased occupied the other half. As soon as the writ issued, the grandchildren surrendered the key to the sheriff and abandoned the premises. Otto Berger continued to occupy half of the house, and was not molested by the sheriff. Perhaps the grandchildren would not have been molested by the sheriff if they had continued to occupy the other half of the house. A rehearing on that claim is denied.
[14] Otto Berger, in an application for a rehearing or, in the alternative, for a correction of the decree, directs our attention to the statement or intimation in the original opinion of this court that the claims and counterclaims, of $900 and $500, respectively, for alleged enhanced value of the properties received by donations, which claims are to be adjusted in the collation proceedings, are governed by the provisions of article 1256 of the Civil Code. It is said that the deductions and reimbursements claimed are governed by the provisions of article 1269 of the Code. As there is nothing in the decree, remanding the case, that restricts the judge of the district court to the' provisions of article 1256 of the Code, there is no necessity either for an amendment of the decree or for the granting of a rehearing. What was said by the author of the opinion, regarding the application of article 1256, was not essentia! to the decree remanding the case for a determination of that issue.
[15] All parties hereto, in their applications for rehearing, call our attention to the fact that the members of Section A of the court overlooked the opposition to the fees allowed the notary public for making the partition of the estate and for making an inventory of the contents of a trunk. The notary did not demand any particular amount for his services, but deferred to the judgment of the civil district court. No evidence was offered regarding the value of the services. The judge allowed the notary a fee of $800 for making the act of partition and a fee of $25 for making the inventory of the contents of the trunk. The complaint of the. heirs of the deceased is that the judge should have been governed by the fee bill, in fixing the notary’s fees,. The complaint is well founded. The decree of this court is therefore amended by setting aside the decree fixing the fees of the notary, and by directing the judge of the civil district court to fix the fees according to the fee bill. The applications for rehearing are therefore denied.